JOSE VILLANUEVA
NDOC NO. 91673
HIGH DESERT STATE PRISON
POST OFFICE BOX 650
INDIAN SPRINGS, NV,
89070

PLAINTIFF IN PRO SE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSE VILLANUEVA, PLAINTIFF, VS. LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD"); JOHN/JANE DOE 1, CHIEF OF LVMPD; JOHN/JANE DOE 2, CCDC WATCH COMMANDER; JOHN/JANE DOE 3 CCDC LIEUTENANT; JOHN/JANE DOE 4 CCDC SERGEANT; OFFICER SORIANO AND DOES 5-19, CCDC OFFICERS; COUNTY OF CLARK A MUNICIPALITY; AND JOHN/JANE DOES 20-50, INCLUSIVE, DEFENDANTS. | CIVIL ACTION NUMBER 2:24- <br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983); STATE SUPPLEMENTAL CLAIMS (1) ASSAULT AND BATTERY; (2) DEFAMATION OF CHARACTER; (3) FRAUDULENT CONCEALMENT OF OFFICIAL MISCONDUCT; (4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED"); (5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ("NIED"); (6) NEGLIGENCE. DEMAND FOR JURY TRIAL. |

I. INTRODUCTION

1. THIS IS A CIVIL RIGHTS ACTION FILED BY PLAINTIFF JOSE VILLANUEVA PURSUANT TO THE CIVIL RIGHTS ACT ALLEGING CONSTITUTIONAL VIOLATIONS UNDER THE 1ST, 8TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AS WELL AS UNDER SEVERAL STATE SUPPLEMENTAL CLAIMS OF ASSAULT AND BATTERY; DEFAMATION OF CHARACTER/LIBEL/SLANDER; FRAUDULENT CONCEALMENT OF OFFICIAL MISCONDUCT; IIED, NIED AND NEGLIGENCE.

II. JURISDICTION AND VENUE

2. THIS COURT HAS JURISDICTION OVER PLAINTIFFS CLAIMS OF FEDERAL AND CONSTITUTIONAL RIGHT VIOLATIONS UNDER 28 U.S.C. §§ 1331(1) AND 1343. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS STATE SUPPLEMENTAL CLAIMS UNDER 28 U.S.C. § 1367

III. CONDITIONS PRECEDENT

3. ALL CONDITIONS PRECEDENT HAVE BEEN PERFORMED, EXECUTED AND/OR EXHAUSTED BY PLAINTIFF TO THE EXTENT LAWFULLY REQUIRED PRIOR TO THE INSTALLATION AND COMMENCEMENT OF THIS ACTION.

IV. PARTIES

4. PLAINTIFF JOSE VILLANUEVA IS A NATURALLY BORN U.S. CITIZEN. AT ALL TIMES RELEVANT TO THIS ACTION, HE RESIDED IN AND REMAINED A RESIDENT OF CLARK COUNTY, STATE OF NEVADA.

5. DEFENDANT COUNTY OF CLARK ("COUNTY") IS A COUNTY MUNICIPALITY AND/OR SUBDIVISION INCORPORATED UNDER THE STATE OF NEVADA.

6. DEFENDANT LVMPD IS A DEPARTMENT OR OTHER POLITICAL SUBDIVISION/AGENCY INCORPORATED UNDER COUNTY DEFENDANT AND THE STATE OF NEVADA.

//

24-0018

7. DEFENDANT JOHN/JANE DOE 1 IS THE SHERIFF FOR THE COUNTY AND IS THE INDIVIDUAL RESPONSIBLE FOR THE OPERATION OF LVMPD, FOR THE HIRING, FIRING, TRAINING AND DISCIPLINE OF LVMPD EMPLOYEES AND FOR THE IMPLEMENTATION AND RESCISSION OF POLICIES OF LVMPD. HE/SHE IS SUED IN HIS/HER INDIVIDUAL CAPACITY.

8. DEFENDANT JOHN/JANE DOE 2 IS CCDC'S WATCH COMMANDER ON DUTY AT ALL TIMES RELEVANT HEREIN. HE/SHE WAS RESPONSIBLE FOR OPERATIONS AND SUPERVISION OF ALL EMPLOYEES AT CCDC. HE/SHE IS SUED IN HIS/HER INDIVIDUAL CAPACITY.

9. DEFENDANT JOHN/JANE DOE 3 IS A LIEUTENANT AT CCDC EMPLOYED BY LVMPD. DEFENDANT JOHN/JANE DOE 4 IS A SERGEANT AT CCDC EMPLOYED BY LVMPD. DEFENDANT SORIANO AND DOES 5 THRU 19 ARE CORRECTIONS OFFICERS AT CCDC EMPLOYED BY LVMPD. THEY EACH ARE SUED IN THEIR INDIVIDUAL CAPACITIES.

10. DEFENDANTS DOES 1 THRU 50, ARE VARIOUS INDIVIDUALS EMPLOYED BY LVMPD AT CCDC. THEIR IDENTITIES ARE UNKNOWN TO PLAINTIFF. AS A RESULT PLAINTIFF ENLISTS THESE PARTIES BY PSEUDONYMS UNTIL SUCH TIME AS THEIR TRUE IDENTITIES ARE ASCERTAINED. UPON DISCOVERY OF DOES IDENTITIES PLAINTIFF ANTICIPATES AMENDING THE PLEADINGS TO REFLECT SUCH.

11. AT ALL TIMES CONSISTENT WITH THIS ACTION EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW AND AUTHORITY.

## V. FACTS

12. ON OCTOBER 13, 2023 PLAINTIFF WAS A PRE-TRIAL DETAINEE/CONVICTED FELON DETAINED AT THE CLARK COUNTY DETENTION CENTER ("CCDC") A FACILITY OPERATED BY COUNTY OF CLARK AND LVMPD AND UNDER SUPERVISION OF DOES 1 THRU 4.

24-0018

13. DEFENDANT SORIANO WAS EMPLOYED AND ON DUTY IN THE EVENING HOURS OF OCTOBER 13, 2023. IN THE DAYS, WEEKS, MONTHS AND YEARS PRECEEDING OCTOBER 13, 2023, LVMPD, COUNTY, DOES 1 THRU 4 AND CERTAIN OTHER DOES WERE ON DIRECT NOTICE AND KNOWLEDGE OF THE PATTERN AND EXTENSIVE HISTORY OF USE OF FORCE ("UOF") AGAINST DETAINEES AT CCDC PARTICULARLY BY SORIANO AND OTHERS AND OF HIS UNTEMPERED AND UNDISCOURAGED PROPENSITY FOR VIOLENCE AGAINST NON-THREATENING, NON-RESISTANT AND NON-COMBATIVE DETAINEES.

14. EACH OF THESE DEFENDANTS WERE AWARE AND KNOWLEDGEABLE OF THE WIDE SPREAD DEEPLY EMBEDDED ENTRENCHED CULTURE AND DE FACTO CUSTOM, USAGE, POLICY AND PRACTICE IN WHICH LVMPD PERSONNEL WOULD BRUTALIZE DETAINEES UNJUSTIFIABLY AND RESORT TO COVER UP AND CONCEALMENT BY PROPAGATION OF SLANDEROUSLY FALSE REPORTS ACCUSING THE VICTIM DETAINEES OF CONDUCTS AS PRETEXTS TO JUSTIFY EGREGIOUS LEVELS OF ABUSIVE FORCE. THE CUSTOM AND USAGE WAS SO PERSISTENT, WELL SETTLED, ENTRENCHED AND DEEPLY EMBEDDED AND PERMANENT THAT ALTHOUGH UNWRITTEN AND CONCEALED THROUGH A CODE-OF-SILENCE, IT HAD THE FORCE OF LAW.

15. AS HISTORY TEACHES, LVMPD CCDC PERSONNEL, ESPECIALLY THOSE CURRENTLY OR PREVIOUSLY EMPLOYED IN ITS INFAMOUS SERT UNIT, HAVE BEEN CULTURIZED INTO VIOLENTLY ABUSIVE INTERACTIONS WITH DETAINEES. THESE CURRENT AND PREVIOUS SERT MEMBERS HAVE RETAINED FOR EXTENDED DURATION, A PROFOUNDLY DISGUSTING UNQUENCHABLE THIRST FOR UNRESTRAINED VIOLENCE AND A EAGERNESS OF EXPLOITING THE MOST MINOR OFFENSES TO JUSTIFY EMPLOYING THE MOST BRUTAL AND SENSELESS LEVELS OF VIOLENCE AND FORCE OTHERWISE COMPLETELY UNWARRANTED. ON INFORMATION AND BELIEF SORIANO PREVIOUSLY OR ON OCTOBER 13, 2023 WAS A SERT MEMBER WHERE HE WAS GROOMED FOR VIOLENCE AND PHYSICAL ABUSES OF DETAINEES.

24-0018

16. IN THE MONTHS AND YEARS PRECEEDING OCTOBER 13, 2023, PERSONNEL OF LVMPD AT CCDC AMASSED A LITANY OF AND RISE IN UOF INCIDENTS. THE FORESEEABLE RESULTS OF THESE ALARMING TRENDS AND ARBITRARY USES OF FORCE WERE TRANSPARENTLY CLEAR AND EVIDENT AND PLACED COUNTY, LVMPD, DOES 1 THRU 4 AND OTHER DOES ON NOTICE OF THE CLEAR, PRESENT IMMINENT DANGERS AND HAZARDS POSED AGAINST DETAINEES BY ENABLING AGGRESSIVELY VIOLENT, UNTEMPERED, LIVE-WIRE, LOOSE-CANNON STAFF LIKE SORIANO TO ENGAGE IN UNRESTRAINED VIOLENCE AGAINST INMATES OR INTERACT WITH THEM WITHOUT INTENSE SUPERVISORIAL MONITORING BY DOES 1 THRU 4 AND OTHER DOES.

17. THESE ALARMING UOF TRENDS ESTABLISHED BY SORIANO AND OTHERS PATTERNS, WERE SUFFICIENT TO PLACE ANY INDIVIDUAL OF NORMAL SENSIBILITY ON NOTICE OF A COMPELLING AND IMMINENT NEED FOR INTERVENTION GIVEN HIS UNDISCOURAGED PROPENSITY IN ENGAGING IN ABUSIVE USES OF FORCE AND FOR THE DIRE NEED FOR REFRESHMENT TRAINING, MONITORING, ACCOUNTABILITY AND SUPERVISION IN UOF INSTANCES. HOWEVER, IN RECEIVING THE ESCALATING REPORTS COUNTY, LVMPD, DOES 1 THRU 4 AND CERTAIN OTHER DOES DIREGARDED THEM AND TOOK NO PREVENTATIVE OR CORRECTIVE ACTION TO MINIMIZE RISKS AND SAFEGUARD THE SAFETY AND LIVES OF PERSONS AT RISK OF THESE EGREGIOUS ABUSES SUCH AS PLAINTIFF WHO WAS ENTRUSTED TO THEIR CARE. THROUGH THEIR ACTIONS, INACTIONS OR OMISSIONS THEY FAILED TO ACT TO PREVENT THE PATTERN OF ABUSIVE MISCONDUCTS WHEN PRIVILEGED WITH THE AUTHORITY AND OPPORTUNITY TO DO SO. RATHER, THEY COMPLICITLY TOLERATED AND CONCEALED THEM INSULATING ABUSERS LIKE SORIANO FROM ACCOUNTABILITY AND EXPOSURE IN TURN PERMITTING HIM FREE REIGN TO ABUSE AT WILL WITH IMPUNITY WHICH CULMINATED INTO THE OCTOBER 13, 2023 UOF INCIDENT.

24-0018

18. RATHER THAN TAKING CORRECTIVE ACTION, THEY TURNED A BLIND EYE STICKING THEIR HEADS IN THE SAND LEAVING THE ABUSIVE UOF UNCHECKED, UNMONITORED AND UNABATED WHICH PERMITTED OFFENDING PERPETRATORS SUCH AS SORIANO IMPUNITY WHICH ONLY FED PROPENSITY, PERPETUATED THE FREQUENCY OF ABUSES AND BY PROXY FOSTERED AN ENVIRONMENT, CLIMATE, ATMOSPHERE, CULTURE AND DE FACTO CUSTOM AND USAGE BY IN WHICH THE MOST MINOR MISSTEP OR OFFENSE MERELY ALLEGED AGAINST A DETAINEE SERVED AS A PRETEXTUAL JUSTIFICATION FOR THE MOST SEVEREST AND GRATUITOUS MEASURES OF NON-DEADLY FORCE. SAID DE FACTO UNWRITTEN PRACTICES, CUSTOMS AND USAGES BECAME NORMALIZED, ACCEPTABLE AS CULTURE AND CULMINATED INTO THE EVENTS OF OCTOBER 13, 2023.

19. ON OCTOBER 13, 2023 PRIOR TO 7:30 P.M. DOE 5 WHO WAS CCDC'S SOUTH TOWER ("ST") MODULE 3P'S OFFICER, DIRECTED PLAINTIFF TO DRESS AND PREPARE FOR RE-FINGERPRINTING. HE COMPLIED, EXITED THE POD/MODULE AND AWAITED A ST 3RD FLOOR MOVEMENT OFFICER FOR THE ESCORT. DUE TO NO FLOOR MOVEMENT OFFICERS ARRIVAL FOR A SIGNIFICANT AMOUNT OF TIME, DOE 5 INSTRUCTED HIM BACK INSIDE 3P MODULE UNTIL A ESCORT ARRIVED TO WHICH HE COMPLIED.

20. AFTER SOME TIME DEFENDANT SORIANO ARRIVED VISIBLY UPSET AGITATED AND ANGERED AT BEING MADE TO WORK. SORIANO SNAPPED DEMANDING PLAINTIFF TO STAY WALKING AHEAD OF SORIANO. IN EFFORTS TO REFRAIN FROM PROVOKING SORIANO WHO WAS POPULAR FOR HIS EXTENSIVE HISTORY OF UOF AGAINST INMATES, PLAINTIFF COMPLIED. ENTERING THE ELEVATOR, PLAINTIFF WAS DIRECTED TO THE BACK AND TO FACE THE WALL. EXHAUSTED HE COMPLIED BUT SIMPLY LEANED HIS HEAD ON AN ADJACENT WALL DUE TO TIREDNESS. SORIANO POUNCED ON THIS OPPORTUNITY TO BERATE, ANTAGONIZE, RIDICULE, DISRESPECT, HUMILIATE, DISPARAGE, EMBARASS AND

24-0018

BELITTLE PLAINTIFF.

21. USING SUCH AS A PRETEXT TO HARASS PLAINTIFF, ESCALATE AND IN ATTEMPT TO INCITE AND PROVOKE HIM, SORIANO BEGAN DISPARAGING, ANTAGONIZING, DISRESPECTING, HUMILIATING, EMBARASSING AND BELITTLING PLAINTIFF. SORIANO BECAME PROFOUNDLY SNAPPY AND HOSTILE UTILIZING DEROGATORY LANGUAGE, PROFANITY AND RACIAL EPITHETS. PLAINTIFF ASSURED SORIANO THAT HE WOULD BE FILING A CITIZEN REVIEW BOARD ("CRB") CITIZENS COMPLAINT AND WOULD BE GRIEVING HIS LEVEL OF COMPLETE UNPROFESSIONALISM WHICH ONLY INFLAMED SORIANO.

22. SORIANO BEGAN TO PHYSICALLY AND HOSTILELY CHALLENGE PLAINTIFF DISPARAGING HIM WITH OFFENSIVE AND PROVOCATIVE TERMS LIKE "PUSSY", "LITTLE BITCH" AND "PUNK ASS" IN EFFORTS TO INCITE A VIOLENT RESPONSE. PLAINTIFF CONTINUED TO COOPERATE WITH ALL COMMANDS IN EFFORTS TO AVOID FALLING VICTIM TO SORIANO'S UNTEMPERED HISTORY AND DEMONSTRATED PROPENSITY OF VIOLENCE. SORIANO CONVEYED "I'LL SHOW YOU WHAT HAPPENS TO LITTLE BITCHES THAT GRIEVE AND COMPLAIN." PLAINTIFF REPLIED "IF YOU PUT HANDS ON ME I'LL SUE THE SHIT OUT OF THIS DEPARTMENT" (ENTLER V. GREGOIRE, 872 F.3D AT 1031, 1039 (9TH CIR. 2017)(VERBAL THREAT OF SUIT CONSTITUTIONALLY PROTECTED)).

23. UPON ARRIVAL TO THE BOOKING FLOOR FINGER PRINT AREA, SORIANO ANNOUNCED TO OTHER PRESENT DOES "WE HAVE ONE HERE, ANOTHER ONE THAT NEEDS "THE TREATMENT"" (UOF). OTHER PRESENT DOES AT BOOKING INQUIRED AS TO WHAT PLAINTIFF DID TO UPSET SORIANO. PLAINTIFF REPLIED THAT SORIANO'S HAVING A BAD DAY DUE TO PLAINTIFFS PLEDGE TO COMPLAIN ABOUT SORIANOS PROVOCATIVE AND UNPROFESSIONAL MISCONDUCTS REMINDING DEFENDANTS "I GOT THE CAMERAS ON MY SIDE."

24-0018

24. ALL RELEVANT AREAS OF CCDC UTILIZED TO ESCORT PLAINTIFF TO AND FROM THE BOOKING FLOOR INCLUDING ST MODULE 3P, HALLWAYS, ELEVATORS AND THE ROUTE TO BOOKING FLOOR FROM THE ELEVATOR ARE LITTERED AND RIDDLED WITH A LITANY OF OBSERVATION CAMERAS WHICH MONITOR INMATE MOVEMENT AND RECORD FROM CCDC'S CONTROL ROOM. SEE SOP 09.17.00.

25. AFTER REPRINTING, ON THE ESCORT BACK TO 3P BESIDES VOWING TO SHOW PLAINTIFF WHAT A "BAD DAY IS" SORIANO RETAINED AN EERIE SILENCE. UPON 3P ARRIVAL HE ADVISED PLAINTIFF "YOU GOT A 24". A "24" IS A PUNISHMENT IN WHICH A INMATE IS CONFINED TO HIS QUARTERS FOR 24-HOURS AND IS DEPRIVED OF ALL ACTIVITIES. WHEN PLAINTIFF INQUIRED AS TO WHY, SORIANO REPLIED "FOR NOT FOLLOWING ORDERS."

26. PLAINTIFF INSTANTANEOUSLY VEHEMENTLY INSISTED ON DOE 4'S PRESENCE TO LODGE A VERBAL COMPLAINT AND BY IN WHICH TO HAVE DOE 4 REVIEW CAMERAS AND DISPEL SORIANO'S FALSIFIED RETALIATORY BASIS. AT NO TIME DID PLAINTIFF, AT A STANCE OF 5'4" AND WEIGHING A MEAGER 135 POUNDS, EVER ADVANCE "AGGRESSIVELY" AT SORIANO NOR PRESENT AS ANY IMMEDIATE THREAT THAT WOULD WARRANT ANY FORCE OR PLACE ANY PERSON OF NORMAL SENSIBILITY IN GENUINE APPREHENSION FOR THEIR PERSONAL SAFETY.

27. SORIANO'S ANGER AND LEVEL OF HOSTILITY INSTANTANEOUSLY BECAME INFLAMED. ABSENT ANY PROVOCATION, NEED OR JUSTIFIABLE BASIS TO DO SO, SORIANO TRIED TO PHYSICALLY HANDLE AND GRAB PLAINTIFF'S ARM AND FORCEFULLY MAN HANDLE AND TAKE HIM DOWN MERELY FOR REQUESTING DOE 4'S PRESENCE. PLAINTIFF ATTEMPTED TO BRACE HIS FALL WHEN SORIANO VIOLENTLY FLIPPED PLAINTIFF OVER HIS SHOULDER CAUSING PLAINTIFF TO FORCEFULLY AND VIOLENTLY COLLIDE FACE FIRST INTO CONCRETE DISFIGURING HIS FACE, FRACTURING HIS LEFT ORBITAL SOCKET AND INFLICTING A MASSIVE GASH.

24-0018

28. DOE 5 ASSISTED WITH OTHER RESPONDING DOES TO RESTRAIN PLAINTIFF IN EXCESSIVELY TIGHT FLESH CUTTING RESTRAINTS BEFORE REMOVING HIM TO THE CLINIC. PLACED ON PLAINTIFF, THE MECHANICAL RESTRAINTS WERE MALICIOUSLY AFFIXED IN PAINFULLY, DANGEROUS AND INJURIOUS MANNERS TO CAUSE WANTON PAIN AND SUFFERING CAUSING CUTTING INTO PLAINTIFF'S LIMBS OUT OF RESENTMENT AND SPITE AND AS CORPORAL PUNISHMENT (WALL V. COUNTY OF ORANGE, 364 F.3D 1107, 1112 (9TH CIR. 2004). THE SEVERITY OF PLAINTIFFS FACIAL INJURY AND GASH CAUSED THE LARGE POOLING OF BLOOD UNDER HIS FACE AS DEPICTED ON CAMERA WHEN HE WAS REMOVED FROM THE FLOOR AND TAKEN TO THE INFIRMARY FOR TRIAGE AND TREATMENT. HE WAS SUBSEQUENTLY TRANSPORTED EMERGENTLY TO UMC FOR ELEVATED LEVELS OF TREATMENT AND CARE.

29. NOT SURPRISINGLY, SORIANOS RESULTING CAR/CAB AND UOF REPORTS IN CALCULATED EFFORTS TO OBFUSCATE, CONCEAL AND COVER UP THE WANTONESS AND ARBITRARINESS OF THE FORCE, FALSELY DOCUMENTS SELF SERVING CONTRARY FACTS (NRS § 197.130). ONLY AFTER THE UNJUSTIFIED UOF INCIDENT THAT WAS CLEARLY PREVENTABLE DID SORIANO CALL FLOOR SERGEANT CATALANO TO "RESPOND TO THE SITUATION."

30. FOLLOWING THE EXHIBITION OF SUCH INSENSITIVE, CALLOUS, UNTEMPERED BRUTAL FORCE, DEFENDANTS COUNTY, LVMPD, DOES 1 THRU 19, SORIANO AND OTHER DOES CONSPIRED FOR THE PURPOSE OF CONCEALING AND ATTEMPTING TO JUSTIFY AND COVER UP THE EGREGIOUS, SENSELESS AND BARBARIC INSTANCE OF OTHERWISE MALICIOUS, SADISTIC AND UNJUSTIFIED FORCE THROUGH PROPAGATING, ENDORSING AND APPROVING KNOWN TO BE SLANDEROUS, PATENTLY FALSE, FORGED AND FANCIFUL ACCOUNTS OF THE EVENTS AND THROUGH FRAUDULENTLY CHARGING PLAINTIFF WITH "INMATE ASSAULT/BATTERY ON STAFF" IN LVMPD'S ITAG/ELITE AND BLUE TEAM SYSTEMS.



24-0018

31. IN FURTHER EFFORTS TO CONCEAL AND COVER UP, JUST THE FOLLOWING DAY, OCTOBER 14, 2023, PLAINTIFF WAS TRANSPORTED TO NDOC. PRIOR TO, CONTEMPORANEOUS WITH AND SUBSEQUENT TO THE SENSELESS UNJUSTIFIED INSTANCE OF VIOLENCE AGAINST MR. VILLANUEVA, LVMPD AND CCDC'S HISTORY WAS REPLETE WITH COMPLAINTS OF SIGNIFICANT HUMAN RIGHTS VIOLATIONS, MISTREATMENTS AND INSTANCES OF STAFF-ON-INMATE UNJUSTIFIED AND EGREGIOUSLY ABUSIVE INCIDENTS OF BARBARIC FORCE. EACH OF THESE UNFORTUNATE INCIDENTS WERE CONTAINED IN A SERIES OF UOF REPORTS ENTERED INTO BLUE TEAM/ITAG/ELITE AND WERE THE SUBJECTS OF MULTIPLE GRIEVANCES AND SUITS. ALL SAID INCIDENTS WERE PREEMPTED BY LVMPD, COUNTY AND CCDC STAFF'S UNDISCOURAGED AND WILLFUL DEPARTURES FROM UOF PROCEDURES AS WELL AS COUNTY, LVMPD, DOES 1 THRU 4 AND CERTAIN OTHER DOES FAILURE TO TRAIN, MONITOR, SUPERVISE AND DISCIPLINE SUBORDINATE DEFENDANTS SUCH AS SORIANO WHICH IN TURN CULMINATED INTO THE 'FREE-FOR-ALL', LAWLESSNESS, ANYTHING GOES MENTALITY, ATMOSPHERE AND ENVIRONMENT FROM UNDER WHICH EACH DEFENDANT OPERATED WHICH WAS PROXIMATELY FOSTERED BY COUNTY, LVMPD AND DOES 1 THRU 4'S INACTIONS AND OMISSIONS.

32. MR. VILLANUEVA CONSISTENTLY SOUGHT TO DOE DEFENDANTS OF LVMPD AND THEIR AGENTS THAT HIS SIGNIFICANT RESULTING INJURIES AND CONDITIONS BE PHOTOGRAPHED FOR EVIDENTIARY PURPOSES OF THIS CASE. THOSE REQUESTS WERE REBUFFED, DISMISSED AND IGNORED. HE FURTHER SOUGHT THE PRESERVATION OF ALL RELEVANT VIDEO EVIDENCE PLACING DEFENDANTS ON NOTICE OF THE IMMINENCY OF THIS ACTION RELATED TO THE UOF INCIDENT. IF HISTORY REPEATS ITSELF, WHEN CALLED UPON TO PRODUCE THESE INCRIMINATING FOOTAGES, IT IS PREDICTABLE THAT DEFENDANTS WILL PROCLAIM THAT CAMERAS WERE MALFUNCTIONING, WERE

24-0018

INOPERATABLE OR FOR OTHER REASONS THE VIDEOS WERE NOT RETAINED AND PRESERVED.

33. THRU A LITANY OF CHANNELS, DEFENDANTS COUNTY, LVMPD, DOES 1 THRU 4 AND CERTAIN OTHER DOES WERE REPEATEDLY AND CONSISTENTLY ALERTED OF ESCALATING ONGOING SYTEMIC CONSTITUTIONAL VIOLATIONS, MISTREATMENTS AND EGREGIOUS ABUSES OF FORCE AGAINST PLAINTIFF AND OTHERS OCCURING AT THE HANDS OF SUBORDINATE STAFF PURSUANT TO AN UNWRITTEN, UNDISCOURAGED, SANCTIONED AND TACITLY RATIFIED DE FACTO PRACTICE, POLICY, CUSTOM AND USAGE AND WHICH WAS PROXIMATELY RESULTING FROM EACH OF THESE DEFENDANTS FAILURES TO TRAIN, SUPERVISE AND DISCIPLINE SUBORDINATE STAFF SUCH AS SORIANO IN POLICIES.

34. DESPITE BEING MADE DIRECTLY AWARE OF SAID ATROCITIES, TRAINING AND SUPERVISION DEFICIENCIES AND HAVING THE AUTHORITY AND OPPORTUNITY TO ACT TO STOP AND BRING THEM TO AN END FAR PRIOR TO OCTOBER 13, 2023, COUNTY, LVMPD AND DOES 1 THRU 4 AMONGST OTHERS, DISMISSED AND PERMITTED THEM TO CONTINUE AND PERSIST REMAINING STEADFAST IN THEIR DELIBERATE INDIFFERENCE TO THE HEALTH, LIVES, SAFETY AND RIGHTS OF PLAINTIFF AND OTHERS AND TACITLY CONDONED, ORDAINED, RATIFIED AND SANCTIONED THE ABUSES WITHOUT INTERVENTION AND IRRESPEC-TIVE OF THE FORESEEABLE AND PREDICTABLE CONSEQUENCES AND SUFFER-INGS TO BEFALL PLAINTIFF AND OTHERS FROM THESE WILLFUL INACTIONS AND DERELICTIONS OF THEIR LAWFUL DUTIES.

35. THROUGH A SLEW OF GRIEVANCES, INVESTIGATIONS, CITIZEN COMP-LAINTS AND SUITS THE SUPERVISORY DEFENDANTS INCLUDING COUNTY, LVMPD AND DOES 1 THRU 4 AND OTHER DOES LEARNED AND KNEW, OR REA-SONABLY SHOULD HAVE KNOWN IN THE PROPER PERFORMANCE AND EXERCISE OF THEIR OFFICIAL DUTIES, OF THE PATTERNS, PRACTICES, USAGES AND CUSTOMS OF THEIR SUBORDINATE STAFF OF LVMPD FLAGRANTLY VIOLA-

24-0018

TING, DISREGARDING, DEFYING, NOT ADHERING TO, WILLFULLY DEPARTING AND SELECTIVELY DEVIATING FROM SOP'S AND POLICIES AT THE EXPENSE AND CONSEQUENCE OF PLAINTIFFS CONSTITUTIONAL RIGHTS WITH IMPUNITY AND ADHERING TO USAGES AND CUSTOMS OF FORCE. DESPITE SAID KNOWLEDGE AND HAVING AUTHORITY AND OPPORTUNITY TO INTERVENE AND ACT, THEY CONSCIOUSLY FAILED TO DO SO REMAINING DELIBERATELY INDIFFERENT TO THE FORESEEABLE RISKS AND DANGERS POSED AGAINST PLAINTIFF.

36. DESPITE BEING AWARE OF SUCH, THEY CONSCIOUSLY AND WILLFULLY FAILED TO INTERVENE AND STOP THE ABUSES, MISTREATMENTS AND EGREGIOUSLY SUBSTANTIAL CONSISTENT POLICY DEPARTURES, TACITLY ACQUIESCING IN AND PERMITTING THEM TO CONTINUE TO OCCUR WITH IMPUNITY DESPITE HAVING THE AUTHORITY AND OPPORTUNITY TO STOP THEM AND TO THE DETRIMENT OF PLAINTIFF. (CHURCH OF SCIENTOLOGY V. U.S., 920 F.2D 1481, 1487 (9TH CIR. 1990) (AGENCY IS BOUND BY ITS OWN REGULATIONS); TAYLOR V. LIST, 880 F.2D 1040 (9TH CIR. 1989); STARR V. BACA, 652 F.3D 1202 (9TH CIR. 2011).

37. DEFENDANTS COUNTY, LVMPD, DOES 1 THRU 4 AND CERTAIN OTHER DOES OMITTED TO PERFORM ACTS THEY WERE LEGALLY REQUIRED TO DO THAT CAUSED THE DEPRIVATIONS OF WHICH THIS COMPLAINT/ACTION IS BASED. NAMELY, THEIR INACTIONS IN TRAINING, SUPERVISION, DISCIPLINE AND CONTROL OF SORIANO; ACQUIESCING IN THE CONSTITUTIONAL VIOLATIONS AND FOR CONDUCTS THAT SHOW A RECKLESS AND CALLOUS INDIFFERENCE TO THE RIGHTS OF OTHERS (PRESCHOOLER II V. CLARK COUNTY SCH. BRD. OF TRS., 479 F.3D 1175, 1183 (9TH CIR. 2007) (QUOTING JOHNSON V. DUFFY, 588 F.2D 740, 743 (9TH CIR. 1978); HYDE V. CITY OF WILCOX, 23 F.4TH 863, 874 (9TH CIR. 2022) (QUOTING CUNNINGHAM V. GATES, 229 F.3D 1271, 1272 (9TH CIR. 2000)).

24-0018

38. TO THE EXTENT THAT DEFENDANTS BASE ANY AFFIRMATIVE DEFENSE OR PROCLAMATION OF QUALIFIED IMMUNITY ENTITLEMENT ON THEIR PURPORTED "GOOD FAITH" RELIANCE ON ANY POLICY SHOWN TO HAD RESULTED IN PLAINTIFFS CONSTITUTIONAL RIGHT VIOLATIONS, EACH HAVE REMAINED ON NOTICE IN THE DISTRICT OF NEVADA SINCE 2017 THAT NO POLICY JUSTIFIED THE VIOLATION OF A CONSTITUTIONAL RIGHT (SEE HOWARD V. CONNETT, USDC (D. NEV.) CASE NO. 2:11-CV-01402 RFB GWF; 2017 U.S. DIST. LEXIS 172130, AT * 22-24).

39. DEFENDANTS UOF WAS SOLELY IN RESPONSE TO PLAINTIFF'S PLEDGE TO FILE GRIEVANCE, SUIT AND COMPLAIN TO SUPERVISORY STAFF AND EXPOSE MISCONDUCT AND WAS SUFFICIENTLY CALCULATED TO SILENCE ANY PERSON OF NORMAL SENSIBILITY AND CHILL SPEECH. THE FORCE WAS NOT APPLIED IN GOOD FAITH TO RESTORE DISCIPLINE OR RESTORE ORDER OF AN ALREADY COMPLIANT DETAINEE, BUT RATHER MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE OF INFLICTING WANTON PAIN AND CAUSE HARM. (HUDSON V. MCMILLIAN, 503 U.S. 1, 6-7 (1992)(CITING WHITLEY V. ALBERS, 475 U.S. 312, 320-21 (1986)). IT WAS MOTIVATED EXCLUSIVELY BY PLAINTIFF'S PLEDGE TO GRIEVE, COMPLAIN AND SUE.

40. PLAINTIFF SUFFERED PERMANENT, SERIOUS AND LASTING INJURIES INCLUDING CRANIAL/BRAIN HEMORRHAGING, TRAUMATIC BRAIN INJURY, NECK AND BACK INJURY, EXCRUCIATING NECK, EYE AND HEAD PAINS, DISTORTED VISION, INTOLERABLE HEADACHES AND PERMANENT NERVE DAMAGE TO HIS LIMBS FROM THE EXCESSIVELY TIGHT APPLICATION OF FLESH-CUTTING MECHANICAL RESTRAINTS.

24-0018

CAUSES OF ACTION

FIRST CAUSE OF ACTION

VIOLATION OF THE 1ST AMENDMENT TO THE U.S. CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

RIGHT TO PETITION GOVERNMENT FOR REDRESS WITHOUT RETALIATION OR INTERFERENCE

41. PLAINTIFF INCORPORATES PARAGRAPHS 1 THRU 40, INCLUSIVE, AS IF FULLY CONTAINED HEREIN.

42. THROUGH THE DESCRIBED EVENTS AND ACTIONS, THE ABOVE DEFENDANTS ENGAGED IN THEM SOLELY ON ACCOUNT OF PLAINTIFF'S ENGAGEMENT IN PROTECTED FIRST AMENDMENT ACTIVITIES.

43. PLAINTIFF WAS HUMILIATED, OPPRESSED, BELITTLED, EMBARASSED, MORALLY DEGRADED, TREATED WITH NO RESPECT OR DIGNITY AND SUBJECTED TO CORPORAL PUNISHMENT BY SENSELESS VIOLENCE, USE OF BRUTAL FORCE AND BY DEFENDANTS LEVYING OF DISTORTED AND FRAUDULENTLY PROPAGATED AND BASELESS DISCIPLINARY CHARGES ALL IN RESPONSE AND IN RETALIATION TO AND FOR PLAINTIFF'S ENGAGEMENT IN PROTECTED 1ST AMENDMENT ACTIVITIES.

44. ALL DEFENDANTS ACTIVELY CONSPIRED TO FRAUDULENTLY CHARGE PLAINTIFF WITH KNOWN TO BE BASELESS AND FRIVOLOUS CHARGES IN EFFORTS TO CONCEAL AND ATTEMPT TO JUSTIFY THE EGREGIOUS UNWARRANTED RETALIATORY AGGRESSION.

45. THE ADVERSE ACTIONS CHILLED AND/OR WERE INDEED SUFFICIENT TO DETER AND CHILL ANY SENSIBLE PERSON OF ORDINARY FIRMNESS FROM EXERCISE OF 1ST AMENDMENT RIGHTS AND RESULTED IN PAIN, INJURY, GRIEF, SUFFERING, MENTAL ANGUISH, DISTRESS AND VIOLATION OF PLAINTIFFS CIVIL AND CONSTITUTIONAL RIGHTS.

46. DEFENDANTS ACTIONS, OMISSIONS, INACTIONS, CUSTOMS, POLICIES, USAGES AND AGENCY PROTOCOLS WERE THE DIRECT CAUSE AND MOVING FORCE BEHIND THE INJURIES TO PLAINTIFF AND THE EGREGIOUS VIOLATIONS OF HIS 1ST AMENDMENT GUARANTEES.

SECOND CAUSE OF ACTION

VIOLATION OF THE 8TH AND/OR 14TH AMENDMENTS TO THE U.S. CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

INFLICTION OF CRUEL, UNUSUAL AND CORPORAL PUNISHMENT, EXCESSIVE USE OF FORCE AND DEPRIVATION OF DUE PROCESS OF LAW.

47. PLAINTIFF INCORPORATES PARAGRAPHS 1 THRU 46, INCLUSIVE, AS IF FULLY CONTAINED HEREIN.

48. THE PUBLISHED INSTANCE OF BRUTALITY, SENSELESS VIOLENCE AND ABUSE WAS SO GROTESQUE SO AS TO CAUSE FACIAL DISFIGUREMENT, FRACTURE OF PLAINTIFF'S ORBITAL SOCKET AND A DEEP FACIAL GASH AND UNDER THE ATTENDANT CIRCUMSTANCES WAS INHERENTLY EXCESSIVE, COMPLETELY UNNECESSARY AND AN OBJECTIVELY UNREASONABLE AND GROSSLY DISPROPORTIONATE RESPONSE TO A NON-THREATENING PERSON OF A MINISCULE STATURE OF 5'4" AT A WEIGHT OF 135 POUNDS. LESS DRASTIC ALTERNATIVES AND MEASURES EXISTED AND WERE READILY AVAILABLE, AMONGST THE MOST CONDUCIVE AND SIMPLEST BEING MERELY TO PRODUCE A SUPERVISOR FOR DIPLOMATIC RESOLUTION OF THE DISPUTE.

49. DEFENDANTS RESORT TO THE MOST EXTREME AND DRASTIC LEVEL OF NEEDLESS PHYSICAL FORCE WAS SOLELY CALCULATED TO PUNISH PLAINTIFF AND ADHERES TO LVMPD, COUNTY AND ALL OTHER DEFENDANTS DE FACTO CUSTOMS OF RESORTING TO PAINFULLY INJURIOUS EXCESSIVE FORCE IN RESPONSE TO THE MOST MINISCULE MISSTEPS OF DETAINEES. ABSOLUTELY NO PENOLOGICAL INTEREST WAS ADVANCED BY THE

24-0018

APPLICATION OF FORCE AGAINST A 5'4" FULLY COMPLIANT NON-THREATENING INMATE. THE MALICIOUSNESS AND SADISM TO CAUSE WANTON INFLICTION OF PAIN, SUFFERING AND HARM ARE SOLIDIFIED AND HALLMARKED BY THE MANNER AND PLACEMENT OF FLESH CUTTING, NERVE DAMAGING MECHANICAL RESTRAINTS ON PLAINTIFFS LIMBS OUT OF SPITE AND RESENTMENT FOLLOWING THE APPLICATION OF FORCE.

50. USE OF THIS MAGNITUDE AND DEGREE OF FORCE AND THE INJURIOUS RESULTS RAN AFOUL OF THE PROHIBITION AGAINST CRUEL, UNUSUAL AND CORPORAL PUNISHMENT AS PROSCRIBED BY THE 8TH/14TH AMENDMENTS TO THE U.S. CONSTITUTION AND DEPRIVED PLAINTIFF OF DUE PROCESS OF LAW.

51. PLAINTIFF NOW SUFFERS TBI, BACK AND NECK INJURY, EXCRUCIATING HEADACHES, SEIZURE SENSATIONS, LOSS OF MEMORY, FACIAL NUMBING, DISFIGUREMENT, SYNCOPE, LOSS OF BALANCE, VERTIGO, STUTTERING, SLOW THINKING, LIGHT SENSITIVITY, ENORMOUS EYE AND BODY PAINS, NIGHTMARES AND SHOCK AND SEVERE NERVE DAMAGE TO HIS LIMBS.

52. PLAINTIFF SUFFERED SEVERE AND LASTING INJURY TO HIS PSYCHE AND PERSON RESULTING IN DAMAGES. DEFENDANTS ACTIONS, INACTIONS, OMISSIONS, CONSPIRACIES, CUSTOMS, USAGES AND PRACTICES WERE THE DIRECT AND PROXIMATE CAUSE OF PLAINTIFFS INJURIES.

<u>THIRD CAUSE OF ACTION</u>

STATE SUPPLEMENTAL CLAIM - ASSAULT AND BATTERY

53. PLAINTIFF INCORPORATES PARAGRAPHS 1 THRU 52, INCLUSIVE, AS IF FULLY CONTAINED HEREIN.

54. AS ALLEGED ABOVE PLAINTIFF SUBMITS THAT THE DESCRIBED ABOVE CONDUCTS, ACTIONS, INACTIONS, OMISSIONS AND <u>DE FACTO</u>

24-0018

USAGES AND CUSTOMS OF ABOVE DEFENDANTS CONSTITUTED ASSAULT AND BATTERY UNDER COMMON LAW.

55. THE LEVEL OF BRUTALITY WAS DISPROPORTIONATE AND COMPLETELY UNWARRANTED, UNJUSTIFIED AND EXCESSIVE IN LIGHT OF ATTENDANT CIRCUMSTANCES AND FACTS AND CONSTITUTED OFFENSIVE TOUCHING.

56. PLAINTIFF WAS INJURED IN HIS PERSON AND PSYCHE RESULTING IN HIS INJURIES AND SUFFERINGS.

57. THE ABOVE DEFENDANTS ACTIONS, INACTIONS, OMISSIONS, CONSPIRACIES AND DE FACTO CUSTOMS, USAGES AND PRACTICES WERE THE DIRECT AND PROXIMATE CAUSE OF PLAINTIFF'S INJURIES, HARMS, PAINS AND SUFFERINGS.

FOURTH CAUSE OF ACTION

STATE SUPPLEMENTAL CLAIM - DEFAMATION/SLANDER/LIBEL

58. PLAINTIFF INCORPORATES PARAGRAPHS 1 THRU 57, INCLUSIVE, AS IF FULLY CONTAINED HEREIN.

59. DEFENDANTS COUNTY, LVMPD, SORIANO AND DOES IN RESULTING CAR/CAB/UOF REPORTS PURPORTING TO REFLECT THE ACCOUNTS OF PLAINTIFF'S BRUTALITY MALICIOUSLY AND FRAUDULENTLY PUBLISHED KNOWN TO BE FALSE, DEFAMATORY AND MALICIOUS STATEMENTS OF FACT IN REPORTING THE UOF ENCOUNTER AND IN FALSELY CHARGING PLAINTIFF WITH "ASSAULT/BATTERY ON STAFF."

60. SAID PATENTLY FALSE REPORTS WERE UNPRIVILEGED AND PUBLISHED TO THIRD, FOURTH AND FIFTH PARTY PERSONS. FAULT RESTED EXCLUSIVELY AND SOLELY ON DEFENDANTS COUNTY, LVMPD, SORIANO AND RELEVANT DOES FOR KNOWINGLY, MALICIOUSLY AND PURPOSEFULLY GENERATING THE FALSE COMMENTS, PUBLICATIONS AND REPORTS.

24-0018

61. PLAINTIFF SUFFERED DAMAGES AS A RESULT OF THE FALSE REPORTS. HE WAS INJURED IN HIS REPUTATION, CREDIBILITY, TRUST AND WAS SUBJECTED TO SCORN, SHUN, RIDICULE, SHAME, ADVERSE BANTER, DERISION, PUNISHMENT, EMBARASSMENT, MENTAL ANGUISH, STRESS, HUMILIATION AND LACK OF SLEEP AS A RESULT OF THESE MALICIOUSLY FALSE, PROPAGATED AND PURELY RETALIATORY ALLEGATIONS.

62. DEFENDANTS ACTIONS, INACTIONS, OMISSIONS, CONSPIRACIES, AND DE-FACTO CUSTOMS, USAGES AND PRACTICES WERE THE DIRECT AND PROXIMATE CAUSE OF PLAINTIFF'S INJURIES.

FIFTH CAUSE OF ACTION

STATE SUPPLEMENTAL CLAIM - FRAUDULENT CONCEALMENT OF OFFICIAL MISCONDUCT

63. PLAINTIFF INCORPORATES PARAGRAPHS 1 THRU 62, INCLUSIVE, AS IF FULLY CONTAINED HEREIN.

64. DEFENDANTS COUNTY, LVMPD, SORIANO AND DOES FRAUDULENTLY CONCEALED THE OFFICIAL MISCONDUCT WHICH WAS THE PROXIMATE CAUSE AND DRIVING FORCE OF PLAINTIFF'S INJURIES.

65. PLAINTIFF WAS INJURED IN HIS PERSON AND PSYCHE AS A RESULT AND DEFENDANTS CONDUCTS WERE A DIRECT AND PROXIMATE CAUSE OF PLAINTIFFS INJURIES.

SIXTH CAUSE OF ACTION

STATE SUPPLEMENTAL CLAIM - IIED

66. PLAINTIFF INCORPORATES PARAGRAPHS 1 THRU 65, INCLUSIVE, AS IF FULLY CONTAINED HEREIN.

67. THE CONDUCTS, PRACTICES, CUSTOMS, USAGES AND POLICIES OF COUNTY, LVMPD, SORIANO AND DOES WERE BOTH EXTREME AND OUTRAGEOUS WITH THE SPECIFIC INTENT OR WITH RECKLESS DISREGARD TO AND FOR CAUSING PLAINTIFF EMOTIONAL DISTRESS.

24-0018

68. PLAINTIFF SUFFERED SEVERE AND EXTREME EMOTIONAL AND MENTAL DISTRESS.

69. THE CONDUCTS OF DEFENDANTS WERE THE LEGAL, DIRECT AND PROXIMATE CAUSE OF PLAINTIFF'S SEVERE, EXTREME MENTAL AND EMOTIONAL DISTRESS, HARMS AND INJURIES.

SEVENTH CAUSE OF ACTION

STATE SUPPLEMENTAL CLAIM - NIED

70. PLAINTIFF INCORPORATES PARAGRAPHS 1 THRU 69, INCLUSIVE, AS IF FULLY CONTAINED HEREIN.

71. DEFENDANTS CONDUCTS, ACTIONS, INACTIONS, POLICIES, PRACTICES, CUSTOMS AND USAGES AS DESCRIBED WERE NEGLIGENT AND REPRESENT SIGNIFICANT DEPARTURES FROM THE DUTY OF CARE OWED BY DEFENDANTS TO NOT SUBJECT PLAINTIFF TO NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

72. PLAINTIFF SUFFERED EMOTIONAL DISTRESS.

73. THE CONDUCTS OF THE DEFENDANTS WERE THE LEGAL, DIRECT AND PROXIMATE CAUSE OF PLAINTIFF'S NEGLIGENTLY INFLICTED EMOTIONAL DISTRESS.

EIGHTH CAUSE OF ACTION

STATE SUPPLEMENTAL CLAIM - NEGLIGENCE

74. PLAINTIFF INCORPORATES PARAGRAPHS 1 THRU 73, INCLUSIVE, AS IF FULLY CONTAINED HEREIN.

75. DEFENDANTS EACH OWED PLAINTIFF A DUTY OF CARE TO REFRAIN FROM THE ABOVE OFFENSIVE CONDUCTS AND VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS.

76. EACH DEFENDANT BREACHED SAID DUTIES OF CARE TO PLAINTIFF AS ALLEGED, SUPRA.

77. THESE BREACHES OF OWED DUTIES OF CARE OWED TO PLAINTIFF WERE THE LEGAL, DIRECT AND PROXIMATE CAUSE OF HIS INJURIES, HARMS AND DAMAGES AS ALLEGED HEREIN.

78. INDEED PLAINTIFF SUFFERED HARMS, INJURIES AND DAMAGES AS ALLEGED.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THE COURT FOR RELIEF AS FOLLOWS:

1). THAT THE COURT ISSUE A DECLARATORY JUDGMENT THAT THE ACTIONS, INACTIONS, OMISSIONS, POLICIES, CUSTOMS, USAGES, PRACTICES AND CONDUCTS DESCRIBED WITHIN THE INSTANT COMPLAINT ARE BOTH OFFENSIVE AND VIOLATIVE OF INTERNATIONAL LAW, HUMAN CIVIL AND CONSTITUTIONAL RIGHTS OF PLAINTIFF AND VARIOUS STATE AND FEDERAL LAWS;

2). COMPENSATORY DAMAGES OF $3,500,000.00;

3). NOMINAL DAMAGES OF $1.00;

4). PUNITIVE DAMAGES OF $1,750,000.00;

5). ALL CURRENT AND FUTURE MEDICAL AND TREATMENT COSTS FOR INJURIES AND CONDITIONS INCURRED AS A RESULT AND RELATED TO DEFENDANTS CONDUCTS;

6). TRIAL BY JURY ON ALL MATTERS TRIABLE BY JURY;

7). SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM JUST, FAIR AND EQUITABLE INCLUDING PLAINTIFF'S REIMBURSEMENT OF ALL COSTS ASSOCIATED WITH THE COMMENCEMENT, SERVICE, PROSECUTION AND CONCLUSION OF THIS ACTION.

24-0018

DECLARATION

PLAINTIFF JOSE VILLANUEVA BEING DULY SWORN UNDER OATH UNDER THE LAWS OF THE STATE OF NEVADA AND THE UNITED STATES, HEREBY ATTESTS THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED THIS 15TH DAY OF JANUARY, 2024.

BY: [signature] 911673
(JOSE VILLANUEVA)
PLAINTIFF IN PRO SE

ASSISTED BY INMATE
TONEY A. WHITE 1214172
CERTIFIED PARALEGAL
[signature]
JANUARY 15, 2024

24-0018