**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE VILLANUEVA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; and FRANCIS SORIANO, individually,<br><br>Defendants. | CASE NO. 2:24-cv-00125-ART-DJA<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, JOSE VILLANUEVA, by and through his counsel, Adam J. Breeden, Esq. of BREEDEN & ASSOCIATES, PLLC, hereby alleges the following as his Complaint for violations of his civil rights:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, JOSE VILLANUEVA is a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint.

2. Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter referred to as "LVMPD"), is a public agency police department organized pursuant to NRS Chapter 280, operating in the County of Clark, State of Nevada. It is a "law enforcement agency" for the State of Nevada as that term is defined in NRS § 289.010(2).

3. Defendant, FRANCIS SORIANO is, on information and belief, a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint. SORIANO is a "peace officer" in the State of Nevada as that term is defined in NRS § 289.150(1).

4. At the times alleged herein, Defendant SORIANO, who is alleged to be a corrections officer, was the actual, apparent, implied, or ostensible agent of Defendant LVMPD. Therefore, Defendant LVMPD is responsible for the injuries and damages caused to the Plaintiff under the theory of respondeat superior, NRS § 41.130 and to the extent applicable NRS § 42.007.

5. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391 because the Defendants reside in the District and the events giving rise to the claim occurred in the District of Nevada.

6. The United States District Court of Nevada has personal jurisdiction over the Defendants because they are residents of the State of Nevada or governmental entities part of the State of Nevada or have minimum contacts with the State of Nevada under NRS §14.065 and FRCP 4(k)(1)(a).

7. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 (federal question jurisdiction), 28 USC § 1343(a) (jurisdiction over civil rights claims), and 28 USC § 1367 (supplemental jurisdiction over state law claims). This case is brought, in part, under 42 USC §§ 1983, 1985, 1986, 1988 and the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

8. The causes of action contained herein do not require exhaustion of administrative remedies. *Eggleston v. Stuart*, 495 P.3d 482, 486 (Nev. 2021) ("a party generally is not required to exhaust administrative remedies before filing a § 1983 civil rights claim").

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff VILLANUEVA was arrested and taken to the Clark County Detention Center on or about October 9, 2023.

10. The Clark County Detention Center is a facility operated and staffed by Defendant LVMPD.

11. Defendant SORIANO at the times alleged herein, was a corrections officer employed by LVMPD and working at the Clark County Detention Center.

12. While in detention, on October 13, 2023, Plaintiff VILLANUEVA was directed to dress and was escorted by Defendant SORIANO to a different area of the Detention Center for fingerprinting.

13. SORIANO was already visibly upset and agitated for unknown reasons. A verbal exchange occurred between VILLANUEVA and SORIANO.

14. As a result of the verbal exchange, VILLANUEVA indicated he would be filing a Citizen Review Board complaint against SORIANO for his behavior. SORIANO responded with escalated disparaging remarks which seemed to be baiting VILLANUEVA to respond violently, but he did not do so. SORIANO then further escalated his attacks and threatened VILLANUEVA that "I'll show you what happens to little bitches that grieve and complain."

15. When they arrived at the area for fingerprints, SORIANO announced to the other corrections officers present, "We have one here, another one that needs 'The Treatment.'" VILLANUEVA understood the term "The Treatment" to mean use-of-force.

16. During the return to Plaintiff's module, SORIANO threatened to show Plaintiff what a bad day was. Upon arrival at Plaintiff's module, SORIANO told Plaintiff that he had a "24." A "24" is a punishment that restricts an inmate to his quarters for 24-hours. Plaintiff asked why he was being disciplined and SORIANO replied, "For not following orders." Plaintiff instantly vehemently denied that he had failed to follow orders and demanded a supervisor be present so that he could lodge a verbal complaint and demand that the supervisor view the cameras to dispel SORIANO's claim.

17. At the time, SORIANO was compliant, un-armed, not under the influence of any intoxicating substance, and had his hands behind his back. Per the video of the incident, VILLANUEVA never threatens SORIANO in any manner, nor does he punch, kick or bite at SORIANO.

18. In response to VILLANUEVA's request for a supervisor and without any physical instigation by VILLANUEVA, SORIANO suddenly grabbed VILLANUEVA, threw him against the wall, and then tripped/threw VILLANUEVA headfirst into the concrete floor in a body-slam type manner.

19. VILLANUEVA was unable to protect his head as SORIANO threw him to the ground. As a result, VILLANUEVA sustained serious gashes to both eyebrow areas. Later, he was taken for medical treatment at a nearby hospital and was determined to have sustained orbital bone fractures as well as other vision and concussion symptoms.

**FIRST CLAIM FOR RELIEF**

**(Violation of Federal Civil Rights Under 42 U.S.C. § 1983)**

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-19 as if fully set forth herein.

21. This cause of action is pleaded by Plaintiff VILLANUEVA only against Defendant SORIANO in his individual capacity as a state actor.

22. The First Amendment to the United States Constitution protects an individual's freedom of speech.

23. The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

24. The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" on persons in custody.

25. Excessive force used against a person detained and in custody violates either the Eighth Amendment or the Fourth Amendment, or both. These causes of action are pleaded alternatively.

26. The First, Fourth and Eighth Amendments have been held applicable to the States and individual state actors, a process called incorporation, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gitlow v. New York*, 268 US 652 (1925) (incorporation of First Amendment); *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961) (incorporation of Fourth Amendment); *Jones v. Mississippi*, 141 S. Ct. 1307, 1314 (2021)

("the Fourteenth Amendment incorporates the Cruel and Unusual Punishments Clause against the States.").

27. Pursuant to 42 USC § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

28. At the times alleged in the complaint on or about October 13, 2023, Defendant corrections officer SORIANO was a state actor of the State of Nevada or its political subdivisions, acting under color of law.

29. Defendant SORIANO did violate the civil rights of the Plaintiff under the Fourth Amendment and Eighth Amendments in the following ways, without limitation: Applying excessive force to Plaintiff's body, arm and head, throwing him to the ground, and causing injuries including concussion, orbital bone fracture(s) and a bloody gash and retaliating against the Plaintiff after he indicated he intended to make complaints about the Defendant over his treatment.

30. The acts of Defendant SORIANO deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States.

31. Defendant SORIANO lacked any valid justification or Constitutional exception for his unlawful actions.

32. At the times alleged herein, the Constitutional rights of the Plaintiff were clearly established and it would be clear to a reasonable officer/actor that his/her conduct was unlawful in the situation he/she was confronted.

33. As a result of the violation of Plaintiff's civil rights, VILLANUEVA sustained physical injury, emotional distress, and nominal damages in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

34. The acts of Defendant SORIANO were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to

the federally protected rights of others, therefore Plaintiff seeks punitive damages.

35. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest, including attorney's fees and expert fees pursuant to 42 USC § 1988 and all other applicable law.

**SECOND CLAIM FOR RELIEF**

**(Violation of Nevada Constitution/Constitutional Tort)**

36. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-35 as if fully set forth herein.

37. This cause of action is pleaded by Plaintiff against the following Defendants: LVMPD and SORIANO.

38. The Nevada Constitution Art. I Sec. 9 states that "Every citizen may freely speak, write and publish his sentiments on all subjects being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press."

39. The Nevada Constitution Art. I Sec. 18 states that "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."

40. The Nevada Constitution Art. I Sec. 6 states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor shall cruel or unusual punishments be inflicted, nor shall witnesses be unreasonably detained."

41. Excessive force used against a person detained and in custody violates Art. I Sec. 18 or Art. I Sec. 6 of the Nevada Constitution, or both. These actions are pleaded alternatively.

42. The Nevada Supreme Court has held that there is a private cause of action under the Nevada Const. Art. I Sec. 18 for retrospective monetary relief, a so-called Constitutional Tort. *Mack v. Williams*, 522 P.3d 434, 450 (Nev. 2022).

43. Plaintiff further alleges that there is also a private cause of action under Nevada Const. Art. I Sec. 6 and 9 for retrospective monetary relief. Plaintiff's counsel presents this as an argument for a good faith interpretation or extension of the existing law under *Mack v. Williams*,

522 P.3d 434, 450 (Nev. 2022).

44. At the times alleged in the Complaint, Defendant SORIANO was a state actor of the State of Nevada, acting under color of law.

45. Defendant SORIANO did violate the civil rights of the Plaintiff under the Nevada Constitution Art. I Sec. 18, Sec. 6 and Sec. 9 in the following ways, without limitation: Applying excessive force to Plaintiff's body, arm and head, throwing him to the ground, and causing injuries including concussion, orbital bone fracture(s) and a bloody gash and retaliating against the Plaintiff after he indicated he intended to make complaints about the Defendant over his treatment.

46. The acts of the Defendant SORIANO deprived the Plaintiff of his rights, privileges, or immunities secured by the constitution or laws of the state of Nevada.

47. Defendant SORIANO lacked any valid justification or Constitutional exception for his unlawful actions.

48. LVMPD was the principal or employer of SORIANO at the time of the events and, therefore, is vicariously liable for his actions.

49. The Nevada Supreme Court has expressly held that there is no qualified immunity for Nevada Constitutional torts.

50. As a result of the violation of Plaintiff's civil rights, he sustained physical injury, emotional distress and nominal damages in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

51. The acts of Defendant SORIANO were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the State constitutionally-protected rights of others, therefore Plaintiff seeks punitive damages.

52. Plaintiff specifically pleads to notify the Court that in this action he asserts that Nevada Constitutional Torts are not subject to Nevada's statutory limits on claims against the State found in NRS § 41.035 (monetary limit on damages, bar of punitive damages) because doing so would allow the State to, by statute, limit or bar claims against it which are imposed by the Nevada Constitution.

53. Plaintiff also alleges pursuant to *Eggleston v. Stuart*, 137 Nev. 506, 514, 495 P.3d

482, 491 (Nev. 2021) that because SORIANO is sued in his individual capacity, the statutory damage limits do not apply to this cause of action.

54. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

## THIRD CAUSE OF ACTION

### (*Monell* Claims)

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-54 as if fully set forth herein.

56. This cause of action is pleaded by Plaintiff VILLANUEVA against Defendant LVMPD only.

57. This cause of action is pleaded to assert liability of Defendant LVMPD pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978) and 42 U.S.C. § 1983.

58. VILLANUEVA was deprived of his constitutional rights in violation of the Federal and State Constitutions and subjected to excessive force by a corrections officer at the Detention Center.

59. LVMPD has a policy, practice or custom that caused the Constitutional deprivation, and/or has ratified the conduct of SORIANO by investigating it and determining that SORIANO did no wrong and was in compliance with LVMPD'S use of force policies.

60. This policy, practice or custom is a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity and/or an official with final policymaking authority has ratified these decisions by subordinates.

61. Ratification by LVMPD is also established by a pattern or history of excessive force used on detainees by corrections officers which result in injuries to detainees and lawsuits but are investigated and not taken seriously by, or cleared by, an IA investigation, such as the one in this case wherein although SORIANO violently threw a non-resistive detainee into the ground head first fracturing his orbital bone, IA investigated and determined he violated no Department policies and did not use excessive force.

62. The LVMPD'S policy or custom and ratification amounts to deliberate indifference to the constitutional rights.

63. Further, LVMPD has failed to train or supervise its corrections officers to confine their actions to statutorily authorized areas, demonstrating deliberate indifference to the rights of Plaintiff.

64. As a result of the violation of Plaintiff's civil rights, he sustained physical injury, emotional distress and nominal damages in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

65. The aforementioned acts of the Defendant were the proximate cause of the damages, and civil rights violations to the Plaintiff.

66. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

**FOURTH CAUSE OF ACTION**

**(Battery)**

67. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-65 as if fully set forth herein.

68. This cause of action is pleaded by Plaintiff VILLANUEVA against the following Defendants: LVMPD and SORIANO.

69. On or about October 13, 2023, while in custody, Plaintiff VILLANUEVA was physically contacted by Defendant SORIANO in a manner that was harmful or offensive, including throwing him to the ground and causing a closed head injury with forehead laceration.

70. Defendant SORIANO intended to contact Plaintiff in an unconsented manner, and did so, with excessive force to Plaintiff's body, arm and head, throwing him to the ground, and causing injuries including concussion, orbital bone fracture(s) and a bloody gash.

71. LVMPD was the principal or employer of SORIANO at the time of the events and, therefore, is vicariously liable for SORIANO's actions.

72. As a result of Defendant SORIANO'S acts, Plaintiff sustained physical injury, emotional distress and nominal damages for violation of his civil rights in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

73. The acts of SORIANO were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the

federally protected rights of others, therefore Plaintiff seeks punitive damages.

74. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

**FIFTH CLAIM FOR RELIEF**

**(Negligence/Breach of Statute)**

75. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-73 as if fully set forth herein.

76. This cause of action is pleaded by Plaintiff VILLANUEVA against the following Defendants: LVMPD and SORIANO.

77. Defendant SORIANO had a duty to perform his job according to all applicable state and federal laws, and in accordance with his training and police standards.

78. Defendant SORIANO breached that duty when using excessive force while detaining the Plaintiff on October 13, 2023.

79. The breach of duty is based, at least in part, on violation of NRS § 171.1455 as to failure to use de-escalation techniques and a response that was not balanced or carefully controlled to the resistance, if any, offered by the Plaintiff.

80. Defendant LVMPD was the principal or employer of SORIANO at the time of the events and, therefore, is vicariously liable for SORIANO's actions.

81. As a result of Defendant SORIANO's acts, Plaintiff sustained physical injury and emotional distress in an amount to be proven at trial but exceeding a hundred thousand dollars ($100,000).

82. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

[remainder of page intentionally blank]

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages for physical injury, emotional distress, and nominal damages in an amount to be determined at trial but exceeding $100,000;

2. For punitive damages;

3. For reasonable costs, interest and attorney's fees;

4. Any further relief the Court deems appropriate.

DATED this 16th day of July, 2025.

**BREEDEN & ASSOCIATES, PLLC**

*/s/ Adam J. Breeden, Esq.*

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

DATED this 16th day of July, 2025.

**BREEDEN & ASSOCIATES, PLLC**

*/s/ Adam J. Breeden, Esq.*

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2025, I served a copy of the foregoing legal document **FIRST AMENDED COMPLAINT AND JURY DEMAND** via the method indicated below:

| | |
|---|---|
| X | Through the Court's ECF/CM system on all registered users |
| | Pursuant to FRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person:<br>Lyssa S. Anderson, Esq.<br>Kristopher J. Kalkowski, Esq.<br>KAEMPFER CROWELL<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135<br>*Attorney for Defendants* |
| | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

*/s/ Kirsten Brown*

**KIRSTEN BROWN OF**
**BREEDEN & ASSOCIATES, PLLC**