**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jose Villanueva,

Plaintiff,

v.

Las Vegas Metropolitan Police Department, a political subdivision of the State of Nevada; and Francis Soriano, individually,

Defendants.

Case No. 2:24-cv-00125-ART-DJA

**Order**

Before the Court is Plaintiff's motion to fix Defendants' expert witness deposition fee. (ECF No. 80). Also before the Court is Defendants' motion to extend the dispositive motion deadline. (ECF No. 90). The Court grants both motions.

Plaintiff moves under Federal Rule of Civil Procedure 26(b)(4)(E) to fix the fee for Defendants' expert Dr. Richard Allen. (ECF No. 80). Plaintiff explains that Dr. Allen has disclosed his fee as being $1,100 per hour with a three hour minimum retainer, totaling $3,300. Plaintiff asserts that he only intends to depose Dr. Allen for about an hour and should not have to pay for a minimum of time not actually used. Plaintiff does not dispute the reasonableness of Dr. Allen's $1,100 hourly rate. Defendants oppose Plaintiff's motion, arguing that Dr. Allen, as a practicing physician, must block his time to provide sufficient time before and after the deposition to avoid impacting patient appointments. (ECF No. 84). Both parties acknowledge that there is not binding caselaw regarding whether an expert can set a minimum retainer.

Rule 26(b)(4)(E)(i) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery," "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." While there is no mandatory authority on this point, certain courts in this circuit have declined to require a deposing party to pay an expert for time not actually spent in a deposition. *See Farace v. American Airlines, Inc.*, No.

2:10-cv-00724-KJD-LRL, 2011 WL 3841438, at *2 (D. Nev. Aug. 29, 2011) (explaining that the "court is of the view that the appropriate measure of an expert witness's compensation for giving deposition testimony is a reasonable hourly rate for the time actually spent in the deposition"); *see Wagner v. Shasta Cnty.*, No. 2:20-cv-0403-JAM-DMC, 2022 U.S. Dist. LEXIS 69442, at *3 (E.D. Cal. Apr. 8, 2022) (asserting that "[b]ecause the rule requires a reasonable fee for time spent, experts are entitled to a reasonable hourly rate for the actual time spent in a deposition, not a flat fee regardless of the time spent"); *but see Farace*, 2011 WL 3841438, at *2 (explaining that a safety engineer was "not like a physician who may have to block out time when he or she could see patients and therefore may be justified in charging a flat rate fee for his or her deposition"). While the Court appreciates Dr. Allen's desire to avoid scheduling conflicts by booking additional time before and after a deposition, the Court is more persuaded by Plaintiff's arguments. The Court therefore finds that Plaintiff should only be required to pay Dr. Allen for the time spent in his deposition, rather than a flat minimum fee. The Court grants Plaintiff's motion.

Defendants move to extend the deadline to file their dispositive motion to July 15, 2026. (ECF No. 90). They explain that two of Plaintiff's objections to the undersigned magistrate judge's orders are pending and that a ruling on those objections may change their dispositive motions. Plaintiff opposes, arguing that the outcome of the objections should not alter Defendants' dispositive motions. (ECF No. 91). Those objections are still pending (ECF Nos. 70, 71, 72) but Defendants filed their motions for summary judgment on July 16, 2026, one day after the requested extended deadline (ECF Nos. 95, 96). The Court finds that Defendants' request for an extension was reasonable and supported by good cause given the pending objections. *See* Fed. R. Civ. P. 16(b); *see* LR 26-3. So, even though Defendants filed their motions one day late, the Court grants their motion to extend and extends the deadline for dispositive motions *nunc pro tunc* to July 16, 2026.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion to fix expert witness fee (ECF No. 80) is **granted.** Plaintiff shall only pay Dr. Allen for the time actually spent in his deposition.

**IT IS FURTHER ORDERED** that Defendants' motion to extend time (ECF No. 90) is **granted** *nunc pro tunc* such that the Court will deem Defendants' motions for summary judgment to be timely.

DATED: August 4, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE